UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA ESCOBEDO,<br><br>                      Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,<br><br>                      Defendant. | Case No.: 19cv0869-LAB (NLS)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS;**<br><br>**(2) DENYING MOTION TO APPOINT COUNSEL**<br><br>**[ECF Nos. 7, 8]** |

      Before the Court is Plaintiff Victoria Escobedo's amended complaint seeking judicial review of the Social Security Administration's decision, a motion for leave to proceed *in forma pauperis* ("IFP"), and a motion for appointment of counsel. ECF Nos. 6-8. On July 18, 2019, District Judge Larry A. Burns referred this matter to Magistrate Judge Stormes on all matters, including the motion to proceed IFP. ECF No. 9. After due consideration and for the reasons set forth below, the Court **GRANTS** the motion to proceed IFP and **DENIES** the motion to appoint counsel.

**I. Motion to Proceed In Forma Pauperis**

A complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915(a), is subject to a mandatory and *sua sponte* review by the Court. *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000). The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "A complaint appealing the Commissioner's denial of disability benefits must set forth a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong." *Hoagland v. Astrue*, No. 1:12cv00973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012).

The Court previously dismissed Plaintiff's first complaint for failing to meet these pleading requirements. *See* ECF Nos. 1, 4. Plaintiff's amended complaint provides more information, specifically that she complains that "the Judge that heard my most recent last case did not considered [sic] all the additional medical records from Dr. Shafi Khalid, (6-28-17) Dr. Dolores Rodriquez psychologist (6-28-17) Dr. Samuel Kugel MD psychiatrist." ECF No. 6 at 2. Construing the amended complaint liberally, the Court finds that the amended complaint, on its face, appears to include a brief statement about why the commissioner was wrong.

Having found that Plaintiff's complaint survives screening, the Court turns to her ability to proceed without payment of the required fees. It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). The determination of indigency falls within the district court's discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (noting "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (*citing Adkins*, 335 U.S. at 339). At the same time, however, "the same even-

handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). Finally, the facts as to the litigant's indigency must be stated "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Here, Plaintiff states that she does not have a job and has not had any income of her own for the last year. ECF No. 7 at 1. She states that her only source of income is a $600 per month gift allowance she receives from her son. *Id.* at 1, 5. The only asset she claims is a 1999 Nissan Pathfinder, with a value of $500. *Id.* at 3. She claims that her rent, utilities, food, and other expenses total $630 per month. *Id.* at 4-5. Upon review of Plaintiff's IFP application, the Court finds that Plaintiff has sufficiently shown that she is unable to pay the fees associated with commencing this lawsuit. Therefore, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis*.

**II. Motion to Appoint Counsel**

The Constitution provides no absolute right to the appointment of counsel in any civil proceeding. *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994). In *pro se* and IFP proceedings, district courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989). They may only request that an attorney represent an indigent civil litigant upon a showing of "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Agyeman v. Corrections Corp. Of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). An indigent civil plaintiff who seeks appointment of counsel must first make a reasonably diligent effort to obtain counsel before a court may exercise its discretion under § 1915(e)(1). *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993). Only after that effort to secure counsel will a court consider whether exceptional circumstances exist to warrant a request for appointment. *Id.*

A finding of exceptional circumstances "requires an evaluation of both the

likelihood of success on the merits and the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (internal quotations omitted). Neither of the *Wilborn* factors are dispositive, and they must be viewed together before the district court reaches its decision. *Id.*

Here, the Court must **DENY** Plaintiff's request for appointment of counsel. Though Plaintiff has established her indigence as set forth above in the motion to proceed IFP, she has not made the necessary showing to be appointed counsel. At the outset, in her application, Plaintiff has not indicated that she has made any attempt to obtain counsel. ECF No. 8 at 1-2. In addition, she has not set forth any argument as to how her case meets the exceptional circumstances requirement. She has not put forth any argument or evidence to substantiate a likelihood of success on the merits of her claim, nor has she explained how the complexity of her case renders her incapable of articulating her own claims. *Id.* at 3.

**III. Conclusion**

Accordingly, for the reasons as set forth above, the Court **GRANTS** Plaintiff's motion to proceed *in forma* pauperis, **DENIES** Plaintiff's motion for appointment of counsel, and **ORDERS** as follows:

1. The Clerk shall issue a summons as to Plaintiff's Amended Complaint (ECF No. 6) upon Defendant and shall forward it to Plaintiff along with a blank U.S. Marshal Form 285. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order and a certified copy of her Complaint and the summons. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285 as completely and accurately as possible, and to return it to the U.S. Marshal according to the instructions provided by the Clerk in the letter accompanying her IFP package. Upon receipt, the U.S. Marshal shall serve a copy of the complaint and summons upon Defendant as directed by Plaintiff on the form. All costs of service shall be advanced by the United States. See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

2. Defendant shall reply to the complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a) and consistent with Civil Local Rule 7.1(e)(6).

3. Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on the Defendant or counsel of Defendant and the date of service.

**IT IS SO ORDERED.**

Dated: July 25, 2019

Hon. Nita L. Stormes
United States Magistrate Judge